UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

CORNELIUS KIRK,

                Plaintiff,

vs.

LYONDELLBASELL CO., et al.,

                Defendants.

CASE NO. 1:11-CV-2375

OPINION & ORDER
[Resolving Doc. No. 2]

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

        Before the court is *pro se* plaintiff Cornelius Kirk's complaint against his former

employer, LyondellBasell Company, and Equistar Chemicals.   He alleges the defendants

discriminated against him in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C.

§2000e.   Kirk also filed an application to proceed without prepayment of fees.   The request is

granted. For the reasons set forth below, defendant Equistar Chemicals is dismissed as a party

defendant.

## I. Background

        Kirk was employed by LyondellBasell in Fairport Harbor, Ohio. He does not specify

Case No. 1:11-CV-2375
Gwin, J.

the nature of his position at the company, but his work involved the operation of heavy machinery.

The complaint is comprised of four separate sheets of paper, each titled "Statement of Circumstances," and respectively subtitled *The Mixer*, *The Extruder*, *The Seatbelt*, and *The United Steel Workers Union*.[1]  Each Statement recounts a separate incident Kirk experienced at LyondellBasell, which supports his allegation of discrimination based on race.

In summary, Kirk maintains LyondellBasell falsely attributed a production error and a failure to follow protocol to his poor work performance.  Instead, he claims he was a qualified employee who LyondellBasell unfairly disciplined, while similarly situated Caucasian employees would not have been punished.  Kirk argues this led to his termination from employment on September 29, 2009 because of his race.

## II. Legal Standards

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss any claim under 28 U.S.C. §1915(e) if it fails to state a basis upon which relief can be granted, or if it lacks an arguable basis in law or fact.  *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).  For the reasons stated below, Kirk's claims against Equistar Chemicals are dismissed pursuant to section 1915(e).

---

[1]Although Kirk alleges the Union failed to properly represent his interests, the Union is not a named defendant in this action.

-2-

Case No. 1:11-CV-2375
Gwin, J.

### III. Title VII, Racial Discrimination in Employment

Kirk's sole cause of action in this complaint is based on allegations of racial discrimination in violation of Title VII.  The statute prohibits employment discrimination based on race, color, religion, sex, or national origin. *See* 42 U.S.C. § 2000e, *et seq*.  Under the statute, the plaintiff must show that: (1) he is a member of a protected class; (2) he was subject to an adverse employment action; (3) he was qualified; and (4) he was treated less favorably than a similarly situated employee outside of the protected class. *Hall v. Baptist Mem'l Health Care Corp*., 215 F.3d 618, 626 (6th Cir.2000). The "factual inquiry" in a Title VII case is "whether the defendant intentionally discriminated against the plaintiff." *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248, 253 (1981).

Kirk fails to allege Equistar engaged in any act of discrimination. Instead, the only defendant to whom he attributes any act of discrimination is his self-described employer, LyondellBasell.  Moreover, Kirk does not identify any relationship Equistar may have with LyondellBasell that would otherwise establish its liability.  Without any causal connection between Equistar and the Title VII allegations Kirk levels in his complaint, he fails to state a claim against this defendant.

### IV. Conclusion and Order

Based on the foregoing, Kirk's motion to proceed *in forma pauperis* is **GRANTED**. His Title VII claims against Equistar Chemicals are **DISMISSED**.   The Court certifies that an appeal from this dismissal could not be taken in good faith.  His Title VII claims, however, shall

-3-

Case No. 1:11-CV-2375
Gwin, J.

proceed solely against LyondellBasell Company. The Clerk's Office is directed to forward the

appropriate documents to the U.S. Marshal for service of process.  The Clerk's Office shall include

a copy of this Order in the documents to be served upon the defendant.

IT IS SO ORDERED.


Dated: March 28, 2012                          *s/    James S. Gwin*
                                               JAMES S. GWIN
                                               UNITED STATES DISTRICT JUDGE